Nash C. J.
 

 The proofs offered by the complainant do not sustain the allegations of his bill, as to the specific relief asked for. The allegation is, that the plaintiff sold the land in question, to the defendant conditionally; the condition being that if the purchase money was not paid at the time specified, the conveyance was to be void. The deed upon its face is absolute : the purchase money specified, — $300.
 

 The defendant positively denies the allegation, and insists that the sale was an absolute one, and without any condition whatever, either expressed or implied. The only witnesses who bore out, in full, the charge in the bill, as to the condition, are Shull and Mrs. Moss. The testimony of the latter is such that we can place no confidence in it. She states she was present when the contract was made, that she attested the bond as a subscribing witness, and that it was made payable in three years. The bond is prod uced and she is not a witness to it, and instead of three years credit, it was five years. We can put no reliance on the recollection of a witness whose memory is so treacherous. We repeat therefore that the plaintiff has failed to sustain the allegations in his bill, by competent testimony. His allegation as to the parol agreement, is further weakened by the fact that the defendant gave his bond to the plaintiff for the purchase money: an instrument which is negotiable, and might have been nego
 
 *335
 
 tiated by him. The bill does not allege that the price agreed on was an inadequate one, and the answer states that it was a fair one, and the testimony sustains the answer. Neither does it allege that the the plaintiff was from imbecility of mind, incapable of making a contract, but that his mind was so weak as to expose him to imposition, and importunity by those in whom he had confidence. None such is proved ; on the contrary, the evidence proves that the price was a fair one. The plaintiff then is not entitled to the specific relief for which he prayed.
 

 The bill however, charges that no part of the purchase money has been paid, while the answer avers it has all been paid, and that upon a settlement had with the plaintiff, the bond was, by him, the plaintiff, surrendered to the defendant, and he produces it, appended to his bill. The bill is framed in the alternative. If the plaintiff is not entitled to a reconveyance of the land : he prays that the defendant maybe decreed to pay him what is due upon the bond, and concludes with a general prayer. The old bill in chancery, did not contain any special statement ofrelie , but only what is called the prayer for general relief, namely,
 
 “
 
 that your orator may have such relief in the premises as the nature of the case may require, and to the court may seem fitbut the uniform practice now is to insert a special prayer and to conclude with a general prayer. If it be doubtful to what relief the plaintiff is entitled, he may frame his prayer in the alternative, to have the one relief or the other, as the court shall decide. Mitford 389 1 Dan. ch. pr. 260, 366. And in this manner, the plaintiff has shaped his prayer for relief. After praying that the deed may be delivered up to be cancelled, the bill proceeds “ or that your Honor would order and decree that, the defendant, James
 
 W
 
 ard, pay the amount of the bond aforesaid, with interest thereon for three years after the execution of the deed aforesaid.”
 

 The prayer for the rescinding of the contract by delivering up the deed of conveyance, is clearly within the jurisdiction of a court of Equity — and the plaintiff could sue only in this
 
 *336
 
 Court — and having thus obtained jurisdiction, tbe Court will proceed to do justice between tbe parties in all tbe matters growing out of it, and made a subject of complaint in tbe bill and for wbicb relief is asked. Adams Eq. in note 309. Upon tbis point tbe bill seeks an account; tbe answer objects to tbe account on two grounds — tbe first is, that be bas fully paid off tbe bond — and secondly,
 
 that
 
 upon a settlement with tbe plaintiff, tbe bond was surrendered up to bim. As to tbe payments, they can be ascertained in tbis case only by a re-porl, and as to the surrender of tbe bond, that was obtained under circumstances of such suspicion as not to carry full conviction. Tbe defendant, in bis answer, avers that be and tbe plantiff bad a settlement about tbe first of April, 1840, and be claims tbe benefit of tbe act of tbe G-eneral Assembly, limiting tbetime of tbe bringing of actions, and also of tbe act raising tbe presumption of payment or abandonmet of any contract, agreement or other equitable interest. The act provides that tbe presumption of payment, or abandonment shall arise within ten years after tbe right of action on tbe same accrued. Rev. Stat., ch. 65, s. 13, 14. Tbe bill in tbis case was filed tbe 19th of March, 1850 — so that ten years bad not elapsed between tbe alleged settlement and tbe filing of tbe bill or tbe issuing of process. In Alston and Mebane, ante 18, tbe Court decided that the lapse of nineteen years and eleven months after tbe action should have been brought, without a reference to a statute of limitation or rule of presumption, will authorize tbe Court, viewing it as a matter of fact, to declare that there
 
 has
 
 been a settlement or abandonment of the claim. In that case there were very strong 'circumstances sustaining the payment or abandonment of the claim — here all tbe attendant circumstances tend to rebut it. Tbe complainant is a weak-minded man, resided with his brother, tbe defendant, eight or nine years before tbe contract was made, continued to reside with bim several years thereafter, and no witness was called to tbe settlement. These circumstances, so far from satisfying tbe Court, that, as a mere matter of fact,
 
 *337
 
 the settlement did take place, throw such suspicions over tbe whole transaction, that we could not declare there was any such settlement or abandonment. As to the ordinary statute, limiting the bringing of actions, it does not apply to suits in Equity.
 

 It must be referred to the clerk to report the amount of the bond in principal and interest, and any payments made by the defendant or any set off he may have.
 

 Decree accordingly.